**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

<br>

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Linda Gonzalez**, | No. _____ |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Smiles Divine Dental TMD Craniofacial Pain Center, LLC**, an Arizona Limited Liability Company; and **Luz Tobias and John Doe Tobias**, a Married Couple, | |
| Defendant. | |

Plaintiff, Linda Gonzalez ("Plaintiff"), sues the Defendants, Smiles Divine Dental TMD Craniofacial Pain Center, LLC, ("Smiles Divine") and Luz Tobias and John Doe Tobias (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

## PARTIES

2     7.    At all material times, Plaintiff is an individual residing in Maricopa County,

3 Arizona, and is a former employee of Defendants.

4

5     8.    At all material times, Defendant Smiles Divine Dental TMD Craniofacial

6 Pain Center, LLC was a limited liability company duly licensed to transact business in

7 the State of Arizona.  At all material times, Defendant Smiles Divine Dental TMD

8 Craniofacial Pain Center, LLC does business, has offices, and/or maintains agents for the

9 transaction of its customary business in Maricopa County, Arizona.

10

11     9.    Defendant Smiles Divine Dental TMD Craniofacial Pain Center, LLC is an

12 Arizona limited liability, authorized to do business in the State of Arizona and is at all

13 relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14

15     10.    Under the FLSA, Defendant Smiles Divine Dental TMD Craniofacial Pain

16 Center, LLC is an employer.  The FLSA defines "employer" as any person who acts

17 directly or indirectly in the interest of an employer in relation to an employee.  At all

18 relevant times, Defendant Smiles Divine Dental TMD Craniofacial Pain Center, LLC had

19 the authority to hire and fire employees, supervised and controlled work schedules or the

20 conditions of employment, determined the rate and method of payment, and maintained

21 employment records in connection with Plaintiff's employment with Defendants.  As a

22 person who acted in the interest of Defendants in relation to the company's employees,

23 Defendant Smiles Divine Dental TMD Craniofacial Pain Center, LLC is subject to

24 liability under the FLSA.

25

26

27

-3-

1   11.    Defendants Luz Tobias and John Doe Tobias are, upon information and

2   belief, husband and wife.  They have caused events to take place giving rise to the claims

3   in this Complaint as to which their marital community is fully liable.  Luz Tobias and

4   John Doe Tobias are owners of Smiles Divine and were at all relevant times Plaintiff's

5   employer as defined by the FLSA, 29 U.S.C. § 203(d).

6

7   12.    Under the FLSA, Defendants Luz Tobias and John Doe Tobias are

8   employers.  The FLSA defines "employer" as any individual who acts directly or

9   indirectly in the interest of an employer in relation to an employee.  Luz Tobias and John

10  Doe Tobias are owners of Smiles Divine.  At all relevant times, they had the authority to

11  hire and fire employees, supervised and controlled work schedules or the conditions of

12  employment, determined the rate and method of payment, and maintained employment

13  records in connection with Plaintiff's employment with Defendants.  As persons who

14  acted in the interest of Defendants in relation to the company's employees, Luz Tobias

15  and John Doe Tobias are subject to individual liability under the FLSA.

16

17  13.    Plaintiff is further informed, believes, and therefore alleges that each of the

18  Defendants herein gave consent to, ratified, and authorized the acts of all other

19  Defendants, as alleged herein.

20

21  14.    Defendants, and each of them, are sued in both their individual and

22  corporate capacities.

23

24  15.    Defendants are jointly and severally liable for the injuries and damages

25  sustained by Plaintiff.

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the Arizona A.R.S. § 23-350, et seq.

21.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

22.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

24.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

-5-

27.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

28.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

29.     Defendants own and/or operate as Defendant Smiles Divine, an enterprise located in Maricopa County, Arizona.

30.     Defendants do business as "Smiles Divine," a dental office located at 6003 W. Thunderbird Road, Suite #2, Glendale, AZ 85306.

31.     Plaintiff was hired by as a front office worker and biller on or around April 16, 2021 and worked for Defendants until approximately February 28, 2022.

32.     Plaintiff was hired to work for Defendants by Defendant Luz Tobias.

33.     Defendants, in their sole discretion, agreed to pay Plaintiff $19 per hour for all hours she worked.

34.     During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 40 hours per week.

35.     Defendants did not pay Plaintiff her paycheck for her final two weeks of work for Defendants.

36.     As a result, Defendants did not pay Plaintiff for approximately 80 hours of work over the course of two workweeks.

37.     As a result, Defendants failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

38.   On or about February 26, 2022, Defendant Luz Tobias informed Plaintiff via text message that, despite having worked a full two weeks' worth of time, she would not be paying Plaintiff her final paycheck and instead would be using Plaintiff's wages as part of the deposit for her new office.

39.   On or about February 26, 2022, Defendant Luz Tobias sent a text message to Plaintiff stating "I need to put $5,000 first and last deposit to the new landlord.  I won't be able to pay you $1,200 at the end of the month."

40.   Plaintiff's next payday was supposed to be on approximately March 1, 2022.

41.   To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

42.   As a result of Defendants' having improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

43.   As a result of not having paid any wage whatsoever to Plaintiff during her final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

44.   As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

45.   As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

46.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

47.     Plaintiff was a non-exempt employee.

48.     Plaintiff is a covered employee within the meaning of the FLSA.

49.     Plaintiff is a covered employee within the meaning of the AMWA.

50.     Plaintiff is a covered employee within the meaning of the AWA.

51.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

52.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

53.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

54.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     As a result of not paying Plaintiff any wage whatsoever for the final pay period of her employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

58.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

59.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Linda Gonzalez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     As a result of not paying Plaintiff any wage whatsoever for the final pay period of her employment, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

62.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

63.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Linda Gonzalez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

66.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

67.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

68.     Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-11-

1   **WHEREFORE**, Plaintiff, Linda Gonzalez, individually, respectfully requests that

2   this Court grant the following relief in Plaintiff's favor, and against Defendants:

3   A.   For the Court to declare and find that the Defendants violated A.R.S. Title

4       23, Chapter 2, by failing to pay wages owed to Plaintiff;

5

6   B.   For the Court to award compensatory damages, including treble the amount

7       of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined

8       at trial;

9   C.   For the Court to award prejudgment and post-judgment interest;

10

11  D.   For the Court to award Plaintiff reasonable attorneys' fees and costs;

12  E.   Such other relief as this Court shall deem just and proper.

13                    **JURY TRIAL DEMAND**

14  Plaintiff hereby demands a trial by jury on all issues so triable.

15  RESPECTFULLY SUBMITTED this 16th Day of March, 2022.

16

17                    BENDAU & BENDAU PLLC

18                    By: /s/ *Clifford P. Bendau, II*

19                    Clifford P. Bendau, II
                      Christopher J. Bendau

20                    *Attorneys for Plaintiff*

21

22

23

24

25

26

27

-12-

## <u>VERIFICATION</u>

1
2      Plaintiff, Linda Gonzalez, declares under penalty of perjury that she has read the

3  foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4  asserted therein are true and based on her personal knowledge, except as to those matters

5  stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                     _____

9                                      Linda Gonzalez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

# GONZALEZ; COMPLAINT DRAFT 1 (TO CLIENT); 3-16-22

Final Audit Report                                                        2022-03-17

| | |
|---|---|
| Created: | 2022-03-17 |
| By: | Clifford Bendau (cliffordbendau@bendaulaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAhbTf3PIDD_rn06JqKhlVcMNyoPWGb77G |

## "GONZALEZ; COMPLAINT DRAFT 1 (TO CLIENT); 3-16-22" History

Document created by Clifford Bendau (cliffordbendau@bendaulaw.com)
2022-03-17 - 3:51:36 AM GMT- IP address: 72.208.145.31

Document emailed to Linda Gonzalez (meraria2003@yahoo.com) for signature
2022-03-17 - 3:52:17 AM GMT

Email viewed by Linda Gonzalez (meraria2003@yahoo.com)
2022-03-17 - 3:52:22 AM GMT- IP address: 69.147.89.254

Document e-signed by Linda Gonzalez (meraria2003@yahoo.com)
Signature Date: 2022-03-17 - 3:54:19 AM GMT - Time Source: server- IP address: 172.58.194.241

Agreement completed.
2022-03-17 - 3:54:19 AM GMT

**Adobe Sign**